GERTRUDE SULLIVAN, as Administratrix of the Estate of THOMAS F. SULLIVAN, Deceased, Appellant, v. CENTRAL HANOVER BANK & TRUST COMPANY et al., Respondents.

Argued June 13, 1945; decided July 19, 1945.

*Ralph Stout, William H. George* and *Thomas F. Twyford* for appellant. I. The questions of negligence and of proximate cause were upon the evidence questions of fact for the jury. (*Bernstein* v. *Greenfield,* 281 N. Y. 77; *Cornbrooks* v. *Terminal Barber Shops, Inc.,* 282 N. Y. 217; *Marks* v. *Nambil Realty Co., Inc.,* 245 N. Y. 256; *Vollstedt* v. *Moller, Inc.,* 238 App. Div. 705; *Siskind* v. *Katz,* 249 App. Div. 659; *Moran* v. *Bendora Realty Corp.,* 259 App. Div. 1035; *Rosenberg* v. *Schwartz,* 260 N. Y. 162; *Hart* v. *Hudson River Bridge Co.,* 80 N. Y. 622; *Ingersoll* v. *Liberty Bank of Buffalo,* 278 N. Y. 1; *Matter of Lathers,* 137 Misc. 226; *Kirchner* v. *Muller,* 280 N. Y. 23; *Lee* v. *City Brewing Corporation,* 279 N. Y. 380; *Payne* v. *City of New York,* 277 N. Y. 393; *Carlock* v. *Westchester Lighting Co.,* 268 N. Y. 345; *O'Neill* v. *City of Port Jervis,* 253 N. Y. 423; *United Mut. Fire Ins. Co.* v. *Jamestown Mut. Ins. Co.,* 242 App. Div. 420; *Rague* v. *Staten Island Coach Co.,* 288 N. Y. 206.) II. It was a question of fact for the jury whether

Cavanagh was acting for the defendants with their knowledge and consent at the time he directed the making of the repairs after he had collected the rent from plaintiff on December 15, 1937. (*Hederman* v. *Fairbanks, Morse & Co.*, 286 N. Y. 240; *City National Bank of Holyoke* v. *Menzer*, 222 App. Div. 233; *Matter of People* [*Melrose Ave.*], 234 N. Y. 48; *Dickinson* v. *Salmon*, 36 Misc. 169.)

*Samuel E. Swiggett* for respondents. I. It was proper to direct the dismissal of the complaint in this case because the plaintiff, aside from anything else, failed to prove two factors necessary for a good cause of action for negligent repairs. (*Marks* v. *Nambil Realty Co., Inc.*, 245 N. Y. 256; *Kirshenbaum* v. *General Outdoor Adv. Co.*, 258 N. Y. 489.) II. The evidence was insufficient to enable the jury to find with a reasonable degree of certainty that the alleged defective balustrade was a proximate cause of the death of plaintiff's intestate. (*Digelormo* v. *Weil*, 260 N. Y. 192; *Ingersoll* v. *Liberty Bank of Buffalo*, 278 N. Y. 1.) III. Even though it could be inferred from the evidence that repairs had been made to the balustrade by one person at the request or direction of another, there was no proof that either of such persons was an agent of or had any authority to act for defendants, much less that the one at whose alleged request or direction the repairs were made had authority from defendants to make representations in regard thereto. (*Glennan* v. *Rochester Trust & S. D. Co.*, 209 N. Y. 12; *Weber* v. *Bridgman et al.*, 113 N. Y. 600; *F. L. & T. Co.* v. *Wilson*, 139 N. Y. 284; *Constant et al.* v. *University of Rochester*, 111 N. Y. 604.)

*Per Curiam.* The evidence presented questions of fact as to defendants' negligence, the causal relation of such negligence to the accident and the authority of the witness Cavanagh to represent the defendants. It was error to grant defendants' motion to dismiss the complaint after the rendition of a verdict in favor of the plaintiff.

The judgments should be reversed and a new trial granted, with costs to the appellant to abide the event.

LEHMAN, Ch. J., LOUGHRAN, LEWIS, CONWAY, DESMOND, THACHER and DYE, JJ., concur.

Judgment reversed, etc.